IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RON PAGE, et al., individually and on behalf of those similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-2093 |
| NOVA HEALTHCARE MANAGEMENT, L.L.P., et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] is Plaintiffs' Motion for Conditional Certification and Issuance of Notice (Doc. 15) and Defendants' Motion to Strike (Doc. 18).  The court has considered the motions, the responses thereto, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Plaintiffs' motion be **GRANTED**.  The court **DENIES** Defendants' motion to strike.

### I.  Case Background

Plaintiffs, individually and on behalf of all other similarly situated individuals, filed this action against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Texas state law, alleging that Defendants willfully deprived them

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 29.

of commissions and overtime compensation.  Plaintiffs also assert
that Defendants' denial of overtime rates for all hours worked over
forty affected other similarly situated employees.

A.   **Procedural History**

Plaintiffs filed this collective action against Defendants on
July 11, 2012, alleging willful violations of the FLSA and Texas
state laws.[2]  Plaintiffs filed an amended complaint on October 1,
2012, alleging that Defendants violated the FLSA by misclassifying
their employees as exempt and failing to pay overtime rates for all
hours worked over forty under the FLSA.[3]  Plaintiffs also asserted
claims for violation of Texas state laws, including: (1) breach of
contract; (2) common law fraud; (3) promissory estoppel; (4)
quantum meruit/unjust enrichment; (5) theft of services; and (6)
civil conspiracy.[4]

Plaintiffs filed the pending motion for class certification on
February 25, 2013,[5] seeking to certify a class "consisting of
former and current Industrial Directors and Team Leads who worked
at Nova Medical Centers at any time in the past three years."[6]  In
the motion, Plaintiffs ask the court to: (1) conditionally certify

---

[2]    See Doc. 1, Pls.' Original Compl.

[3]    See Doc. 6, Pls.' 1st Am. Compl.

[4]    See id. ¶¶ 90-132.

[5]    See Doc. 15, Pls.' Mot. for Class Certification.

[6]    Id. p. 1.

2

this suit as a collective action; (2) direct Defendants to produce the names, addresses, and phone numbers for all potential class members; and (3) authorize Plaintiffs to send a notice of this action to all members of the putative class.[7] Defendants responded to Plaintiff's motion on March 28, 2013.[8]

The same day, Defendants filed the pending motion to strike the declarations included in Plaintiffs' motion for class certification.[9] Defendants supplemented their response on April 8, 2013.[10] Plaintiffs responded to Defendants' motion and filed a reply in support of their motion for class certification on April 18, 2013.[11]

**B.  <u>Factual History</u>**

The following factual account is derived from Plaintiffs' first amended complaint and the exhibits attached to the pending class certification motion.

Defendants Nova Healthcare Management, L.L.P. (Nova Management), Nova Healthcare P.A. (Nova PA), and Patient Transport Services, LLC (Nova PTS) operate twenty-five occupational medical

---

[7]    <u>See</u> <u>id.</u> pp. 14-15.

[8]    <u>See</u> Doc. 19, Defs.' Resp. to Pls.' Mot. for Class Certification.

[9]    <u>See</u> Doc. 18, Defs.' Mot. to Strike.

[10]    <u>See</u> Doc. 22, Defs.' Supplement to Defs.' Resp. to Pls.' Mot. for Class Certification.

[11]    <u>See</u> Doc. 24, Pls.' Resp. to Defs' Mot. to Strike; Doc. 26, Pls.' Reply in Supp. of Mot. for Class Certification.

3

and testing facilities in Texas and Georgia.[12]  Defendants Ulf
Rohde, Behrooze Meymand, Gert Rohde, and Carissa Bray are all
members of Nova Management's Executive Leadership Team ("ELT").[13]

Defendants employed Plaintiffs as Industrial Directors and as
Team Leads.[14]  Industrial Directors engaged in marketing services
offered by Nova Medical Centers.[15]  Industrial Directors were
required to make cold calls to businesses, set up in-person
appointments, and then provide the businesses with "general
information and marketing material about Nova Medical Centers in
the hopes that the business will one day send an employee to use
one of Nova Medical Centers' services."[16]  They did not market or
sell any products, obtain contracts, or take orders for any of Nova
Medical Centers' services.[17]  Team Leads had the same duties as
Industrial Directors, with the exception of also "serving as a
liaison between corporate and the various locations."[18]  Each
Plaintiff was interviewed, hired, and trained by a member of the
ELT, all of whom also "participated in or contributed to each of

---

[12]   See Doc. 6, Pls.' 1st Am. Compl. ¶ 2.

[13]   See id. ¶¶ 40–43.

[14]   See id. ¶ 10.

[15]   See id. ¶ 11.

[16]   Id. ¶ 49.

[17]   See id.

[18]   Id. ¶ 62; see also id. ¶ 10.

Plaintiffs' terminations or constructive discharges."[19]

Plaintiffs also claim that they were regularly required to work more than forty hours a week.[20]  Specifically, Plaintiffs had to conduct background research on companies before or after office hours or on weekends, which could "easily take over 3 hours per night to complete."[21]  They were also required to attend an online module "[a]t least one hour a night."[22]

The complaint alleges that Plaintiffs and others were not compensated at a rate of one-and-a-half times their regular rate for every hour worked over forty hours per week.[23]  Plaintiffs claim that, in order to avoid paying overtime, Defendants improperly classified them as outside salespersons and, therefore, as exempt from the FLSA's overtime requirement.[24]  Plaintiffs allege that, as Industrial Directors or Team Leads, they did not engage in any type of work that would render them exempt from receiving overtime compensation under the FLSA.[25]

## II.  Legal Standard

---

[19]     Id. ¶ 47.

[20]     See id. ¶ 59.

[21]     Id.

[22]     Id. ¶ 60.

[23]     See id. ¶ 3.

[24]     See id.

[25]     See id. ¶ 48.

The FLSA requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours. 29 U.S.C. § 207 (a).  It allows employees to bring an action against their employers for violation of its hour provisions.  <u>See</u> 20 U.S.C. §§ 215-16.  "An employee may bring this action against his employer on behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216 (b).  Courts have the authority to implement the representative action process by facilitating notice to potential plaintiffs, i.e., to persons alleged to be "similarly situated" to the named plaintiff(s).  <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989).

In the Fifth Circuit, the determination of whether plaintiffs are "similarly situated" is generally made by using one of two analyses: (1) the two-step analysis described in <u>Lusardi v. Xerox Corp.</u>, 118 F.R.D. 351, 359 (D.N.J. 1987), or (2) the "spurious class action" analysis described in <u>Shushan v. Univ. of Colo.</u>, 132 F.R.D. 263 (D. Colo. 1990).  <u>See</u> <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1216 (5th Cir. 1995) (expressly declining to decide which of the two analyses is appropriate), <u>overruled on other grounds by</u>

<u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90 (2003).[26]

Under the <u>Lusardi</u> approach, the court first "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." <u>Acevedo v. Allsup's Convenience Stores, Inc.</u>, 600 F.3d 516, 519 (5th Cir. 2010) (citing <u>Mooney</u>, 54 F.3d at 1213–14). The court makes this determination by using a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." <u>Mooney</u>, 54 F.3d at 1214 n.8 (citation and internal quotation marks omitted). If the court determines that the employees are similarly situated, then notice is sent and new plaintiffs may "opt-in" to the lawsuit. <u>Acevedo</u>, 600 F.3d at 519 (citing <u>Mooney</u>, 54 F.3d at 1214). Next, once discovery has largely been completed, and, thus, more information on the case made available, the court makes a final determination on whether the plaintiffs are similarly situated and whether they can proceed together in a single action. <u>Id.</u>

According to the Fifth Circuit, the <u>Shushan</u> approach, known as the "spurious class action" analysis, is similar to the class certification procedure used under Federal Rule of Civil Procedure

---

[26]   <u>Mooney v. Aramco Servs Co.</u> was an action under the Age Discrimination in Employment Act ("ADEA"), but it is informative here because the ADEA explicitly incorporates Section 216(b) of the FLSA to also provide for an "opt-in" class action procedure for similarly-situated employees. <u>See</u> <u>Mooney</u>, 54 F.3d at 1212.

23 ("Rule 23"):

> Shushan espouses the view that [29 U.S.C. § 216(b)
> ("Section 216(b)")] merely breathes new life into the so-
> called "spurious" class action procedure previously
> eliminated from [Rule 23].  Building on this foundation,
> the court determined that Congress did not intend to
> create a completely separate class action structure for
> the FLSA . . . context, but merely desired to limit the
> availability of Rule 23 class action relief under . . .
> [the FLSA].  In application, the court determined that
> Congress intended the "similarly situated" inquiry to be
> coextensive with Rule 23 class certification.  In other
> words, the court looks at "numerosity," "commonality,"
> "typicality" and "adequacy of representation" to
> determine whether a class should be certified.  Under
> this methodology, the primary distinction between a . .
> . [FLSA] representative action and a [Rules 23] class
> action is that persons who do not elect to opt-in to the
> . . . [FLSA] representative action are not bound by its
> results.  In contrast, Rule 23 class members become party
> to the litigation through no action of their own, and are
> bound by its results.

Mooney, 54 F.3d at 1214.

The Fifth Circuit has not ruled which method the courts should use to determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single action under Section 216(b).  Acevedo, 600 F.3d at 518-19.  Although it has stated that not all class action standards are applicable to Section 216(b) actions, it has explicitly left open the question of whether the Lusardi approach, the Shushan approach, or some third approach should be used in determining whether employees' claims are sufficiently similar to support the maintenance of a representative action.  Id. (citing Mooney, 54 F.3d at 1216; LaChapelle v. Owens-Ill., Inc., 513 F.2d 286, 288 (5th Cir. 1975)).

8

However, most courts in this district follow the <u>Lusardi</u> approach in suits under Section 216(b). <u>See, e.g.</u>, <u>Tolentino v. C & J Spec-Rent Servs., Inc.</u>, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases). The <u>Lusardi</u> approach is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed. <u>Sandoz v. Cingular Wireless LLC</u>, 553 F.3d 913, 915 n.2 (5th Cir. 2008). The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b)]," i.e., the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b). <u>LaChapelle</u>, 513 F.2d at 288; <u>see also</u> <u>Donovan v. Univ. of Tex. at El Paso</u>, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures."). This court, therefore, will analyze Plaintiffs' claims using the <u>Lusardi</u> method.

The present case is at the "notice stage" of the <u>Lusardi</u> analysis. At this stage, the court's decision is "made using a fairly lenient standard;" a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members. <u>Mooney</u>, 54 F.3d at 1214.

In the absence of Fifth Circuit guidance on the appropriate test to use at the notice stage of the <u>Lusardi</u> analysis, courts are

split on the appropriate elements to consider in determining whether to grant conditional certification. Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. See, e.g., Cantu v. Vitol, Inc., No. H-09-0576, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009) (unpublished); Tolentino, 716 F. Supp. 2d at 653. Other courts, however, have rejected the third, non-statutory element. See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc., No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (unpublished); Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

The court agrees with the latter camp that Plaintiffs need not present evidence of the third element at this stage of the certification process. There are several reasons for this. First, as already stated, this element is not a statutory requirement at this stage. See 29 U.S.C. § 216(b). Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the Lusardi approach only requires, at the first stage, that "putative class members' claims [be] sufficiently similar to merit sending notice

of the action to possible members of the class." See Acevedo, 600 F.3d at 519 (citing Mooney, 54 F.3d at 1213-14).

Third, unlike under Rule 23, there is no numerosity requirement in an FLSA class action lawsuit under the Lusardi approach. See, e.g., Badgett v. Tex. Taco Cabana, L.P., No. Civ.A.H 05-3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006) (unpublished) (citing Mooney, 54 F.3d at 1214, n.8) ("[A]t the notice stage [in an FLSA action using the Lusardi approach], courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." (internal quotations omitted)).

Finally, this element, requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes. See Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 (1985). Liberally construing the FLSA to effect its purposes, the court finds that it is enough for Plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually wish to join the lawsuit.

Based on these considerations, the court will address only the first two elements of the Lusardi test.

### III. Motion to Strike

11

Before turning to Plaintiffs' class certification motion, the court addresses Defendants' motion to strike certain testimony submitted by Plaintiffs in support of class certification. Defendants moved the court to strike statements from the declarations of Ron Page, Raymond Vil, Beatriz Rodriguez, and Caroline Kubiak ("Declarants").[27]   Defendants claim that the declarations are "replete with speculation, vague and conclusory statements, improper hearsay statements, and conclusions of law—all of which constitute incompetent evidence."[28]   In particular, Defendants moved to strike the same eighteen statements from each of the declarations.[29]

In their declarations, Declarants testified to their duties and responsibilities as Industrial Directors or Team Leads in the areas where they worked.[30]   Declarants testified to the regular training that they were required to attend,[31] their office hours and supervision, and the personnel policies and procedures at the Nova

---

[27]   See Doc. 18, Defs.' Mot. to Strike.

[28]   Id. ¶ 2.

[29]   See id. ¶¶ 3-4.

[30]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of Ron Page ¶¶ 12-23; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of Raymond Vil ¶¶ 10-18; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl. of Beatriz Rodriguez ¶¶ 10-15; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class Certification, Decl. of Caroline Kubiak ¶¶ 10-14.

[31]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of Ron Page ¶¶ 24-33; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of Raymond Vil ¶¶ 19-28; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl. of Beatriz Rodriguez ¶¶ 16-26; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class Certification, Decl. of Caroline Kubiak ¶¶ 15-23.

Medical Centers.[32]   Declarants also testified to their method of
compensation, which included a commission on accounts they acquired
and managed.[33]   Finally, Declarants testified that their personal
knowledge of the matters addressed in their declarations was based
on: (1) their own personal observations and experiences while
working at a Nova Medical Center; (2) their "conversations,
meetings, and training sessions with other Industrial Directors and
Team Leads;" (3) feedback and conversations with their supervisor
and with other members of the ELT; (4) conversations with human
resources and recruiting personnel; (5) and Nova Medical Centers'
handbooks, policies, guidelines, and procedures.[34]

The declarations show that each Declarant had personal
knowledge of the areas where they worked.[35]   Furthermore, each
Declarant had personal knowledge concerning Industrial Directors

---

[32]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of
Ron Page ¶¶ 34-45; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl.
of Raymond Vil ¶¶ 29-40; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification,
Decl. of Beatriz Rodriguez ¶¶ 27-36; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class
Certification, Decl. of Caroline Kubiak ¶¶ 24-33.

[33]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of
Ron Page ¶¶ 46-49; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl.
of Raymond Vil ¶¶ 41-44; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification,
Decl. of Beatriz Rodriguez ¶¶ 37-40; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class
Certification, Decl. of Caroline Kubiak ¶¶ 34-37.

[34]   Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of Ron
Page ¶ 4; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of
Raymond Vil ¶ 4; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl.
of Beatriz Rodriguez ¶ 4; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class
Certification, Decl. of Caroline Kubiak ¶ 4.

[35]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of
Ron Page ¶ 7; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of
Raymond Vil ¶ 8; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl.
of Beatriz Rodriguez ¶ 8; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class
Certification, Decl. of Caroline Kubiak ¶ 8.

and Team Leads from other locations because they attended biweekly mandatory training, via telephone, with employees having the same job titles at other Nova Medical Center locations.[36]  During those training sessions, each participant received the standardized information regarding their job duties.[37]  From this, and in the absence of any evidence to the contrary from Defendants, the court concludes that Declarants have personal knowledge about the training, primary duties, and responsibilities of the Industrial Directors and Team Leads at the other Nova Medical Center locations, as well as about their compensation structure.

Defendants generally allege that the declarations contain hearsay, improper legal conclusions, and speculation.[38]  After reviewing the declarations and Defendants' arguments, the court has not found any hearsay, improper legal conclusions, or speculation in the declarations.  Therefore, the court finds Defendants' arguments to be without merit.  The court will consider the statements in resolving the issue of class certification. Accordingly, the court overrules Defendants' objections to the

---

[36]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of Ron Page ¶ 23; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of Raymond Vil ¶ 18; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl. of Beatriz Rodriguez ¶ 15; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class Certification, Decl. of Caroline Kubiak ¶ 14.

[37]   See Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of Ron Page ¶ 30; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of Raymond Vil ¶ 25; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl. of Beatriz Rodriguez ¶ 23; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class Certification, Decl. of Caroline Kubiak ¶ 21.

[38]   See Doc. 18, Defs.' Mot. to Strike ¶¶ 3-4.

declarations and **DENIES** Defendants' motion to strike.

### IV. Analysis

Defendants urge the court to reject Plaintiffs' request for conditional certification.[39]  They argue that: (1) Plaintiffs have failed to provide meaningful evidence of material similarity; (2) Plaintiffs' declarations are insufficient; and (3) notice is inappropriate in this case or, in the alternative, the form of notice suggested by Plaintiffs is defective and deceptive.[40]  The court addresses Defendants' arguments.

First, Defendants contend that Plaintiffs have failed to establish the existence of a class of persons who are similarly situated to Plaintiffs.  To meet the first element of the <u>Lusardi</u> test, Plaintiffs must show only that it is reasonable to believe that other aggrieved employees, who were subject to the same unlawful policy or plan of Defendants, exist.  See <u>Prater v. Commerce Equities Mgmt. Co., Inc.</u>, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007) (unpublished).  For potential class members to be similarly situated to the named Plaintiffs, they must be:

> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar.  A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances

---

[39]     See Doc. 19, Defs.' Resp. to Pls.' Mot. for Class Certification.

[40]     See <u>id.</u> ¶¶ 2-4.

15

purely personal to the plaintiff, and not from any
generally applicable rule, policy, or practice.

<u>Yaklin v. W-H Energy Servs., Inc.</u>, No. C-07-422, 2008 WL 1989795,
at *2 (S.D. Tex. May 2, 2008) (unpublished) (internal quotations
and citations omitted).

Plaintiffs present the court with four declarations stating,
inter alia, that all Industrial Directors and Team Leads at the
Nova Medical Center locations: (1) had the same primary duty,
namely marketing services, regardless of their physical location;
(2) underwent the same training when hired and were required to
attend biweekly phone meetings where they received the same
information regarding their duties; (3) had the same daily schedule
and responsibilities; (4) were subject to a common payment policy;
and (5) did not receive overtime payment for the hours worked over
forty hours a week.[41]  Given this evidence, the court finds that
Plaintiffs have shown that there is a reasonable belief that there
is a class of persons similarly situated to Plaintiffs.

Defendants next claim that Plaintiffs' declarations are
insufficient.  The court disagrees.  At the "notice stage" of the
<u>Lusardi</u> analysis, the court's decision is "made using a fairly
lenient standard;" a plaintiff need only make a minimum showing to
guide the court's determination whether to issue notice to

---

[41]     <u>See</u> Doc. 15-1, Ex. 1 to Pls.' Mot. for Class Certification, Decl. of
Ron Page; Doc. 15-2, Ex. 2 to Pls.' Mot. for Class Certification, Decl. of
Raymond Vil; Doc. 15-3, Ex. 3 to Pls.' Mot. for Class Certification, Decl. of
Beatriz Rodriguez; Doc. 15-4, Ex. 4 to Pls.' Mot. for Class Certification, Decl.
of Caroline Kubiak.

potential class members.  Mooney, 54 F.3d at 1216.  Plaintiffs'
declarations contain sufficient details to meet this fairly lenient
standard.

Finally, Defendants argue that notice is inappropriate in this
case or, in the alternative, that the form of notice suggested by
Plaintiffs is defective and deceptive.  The court finds that notice
is appropriate because Plaintiffs have shown that their claims are
"sufficiently similar to merit sending notice of the action to
possible members of the class."  Acevedo, 600 F.3d at 519 (citing
Mooney, 54 F.3d at 1213–14).  Therefore, the court will address
whether the form of notice suggested by Plaintiffs is defective and
deceptive.

Defendants object to Plaintiffs' proposed ninety-day deadline
for opt-in plaintiffs to file consent forms as unreasonable.  Yet,
Defendants present no case law supporting the contention that such
a deadline is unreasonable.  The court, therefore, finds that the
ninety-day deadline proposed by the Plaintiffs for a nationwide
certification is appropriate.

Defendants request that the notice reflect a two-year statute
of limitations, as opposed to a three-year statute of limitations
for willful conduct.  Defendants contend that Plaintiffs have made
no showing of willful behavior on Defendants' part.  In their
complaint, Plaintiffs allege that "[u]pon information and belief,
Defendants acted knowingly, willfully, or with reckless disregard

17

in refusing to pay Plaintiffs overtime."[42]   For the purposes of
conditional certification, this allegation constitutes a sufficient
showing by Plaintiffs of willfulness on Defendants' part.
Therefore, the notice will extend to the last three years and the
relevant class should be defined as follows: "all current and
former Industrial Directors and Team Leads who worked at Nova
Medical Centers at any time in the past three years."

Defendants also argue that Plaintiffs' notice requires opt-in
plaintiffs to accept representation by Plaintiffs' counsel.   The
court has reviewed Plaintiffs' proposed notice form and is
unpersuaded that the language in the form requires any opt-in
plaintiff to accept representation by Plaintiffs' counsel.   In any
event, a meet-and-confer session can be held between the parties to
discuss the details of the notice form.

Finally, Defendants object to providing Plaintiffs with the
telephone numbers of potential opt-in plaintiffs "because of the
highly private and sensitive nature of this information."[43]   The
court agrees.   Thus, if this Memorandum, Recommendation, and Order
is adopted, Defendants shall provide Plaintiffs with a list of all
employees fitting the description of the conditionally certified
class within fourteen days of this recommendation's adoption.   This
list shall include each individual's full name and last known

---

[42]   Doc. 6, Pls.' 1st Am. Compl. ¶ 72.

[43]   Doc. 19, Defs.' Resp. to Pls.' Mot. for Class Certification ¶ 33.

mailing address, but need not include the potential plaintiffs' phone numbers.   Plaintiffs shall have fourteen days from the receipt of this information to mail the notice to the potential class members.   The opt-in period shall be ninety days from the date the notice is mailed.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiffs' Motion for Conditional Certification and Issuance of Notice be **GRANTED**.   The court **DENIES** Defendants' motion to strike.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.   Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 14th  day of August, 2013.

Nancy K. Johnson
United States Magistrate Judge